UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 05-32325-WRS
                                                   Chapter 7
PHILLIP GOODWYN,

    Debtor.

PHILLIP L. GOODWYN and
SIMPLE PLEASURES INC.,

    Plaintiffs,                                    Adv. Pro. No. 05-3062-WRS

v.

V RESTAURANTS, VINCE SAELE, and
SPECTRUM/VAUGHN PLAZA LLC.,

    Defendants.


## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the Motion for Summary judgment of the Defendants V Restaurants, Inc. ("V Restaurants") and Vince Saele ("Saele"). (Doc. 14). The Plaintiffs have filed an opposition brief in response to the motion for summary judgment and the Defendants have filed a reply brief. (Docs. 17, 18). The Court heard argument on the motion on June 6, 2006. Plaintiffs Phillip L. Goodwyn and Simple Pleasures, Inc., were present by counsel Von G. Memory. Defendants Vince Saele and V Restaurants were present by counsel Daniel G. Hamm. Defendant Spectrum/Vaughn Plaza, L.L.C., was present by counsel Coleman Yarbrough. The Court finds that there are genuine issues of material fact in dispute. For this reason, the Defendants' Motion for Summary Judgment is DENIED. (Doc. 14).

## I. FACTS

The genesis of this dispute involves an agreement to purchase a restaurant known as "Gators" in Montgomery, Alabama. This suit was originally filed in the Circuit Court for Montgomery County, Alabama under Case No. CV 2005-306. Plaintiffs allege several causes of action including breach of contract, conversion, unjust enrichment, damages for use, fraud, wantonness/willfulness, and civil conspiracy. (Doc. 1).

On September 24, 2004, Phillip Goodwyn[1] and Vince Saele, acting on behalf of their respective corporations, entered into a letter of understanding regarding the purchase of the restaurant. Two years prior to reaching this agreement, Goodwyn and Simple Pleasures had actively pursued suitors to purchase Gators. Goodwyn opted to sell Gators after suffering serious financial problems. These financial problems included a substantial unpaid rent obligation to the owner of the restaurant location, Defendant Spectrum, in the approximate amount of $110,000.00; unpaid federal employee withholding taxes resulting in a debt to the Internal Revenue Service in the approximate amount of $110,000.00; and a debt to Regions Bank in the approximate amount of $83,000.00. (Goodwyn Aff. ¶ 3).

The September 24, 2004, agreement contemplated a sale of Gators to Saele and V Restaurants for a purchase price of $90,000.00, allocated as follows: 1) a $30,000.00 payoff of the $110,000.00 lease arrearage with Spectrum; 2) a $30,000.00 payoff of the $83,000.00 debt owed to Regions Bank; and 3) a $30,000.00 payment to the Internal

---

[1] Phillip Goodwyn is the sole shareholder of Simple Pleasures, Inc., which is a food service corporation. (Doc. 17).

Revenue Service in exchange for a release of its lien on the business and a settlement of the $110,000.00 debt owed. (Doc. 17). Provision 4 of the agreement stated "[t]hat the ownership of the properties mentioned herein above will be transferred to my client at closing date no later than October 22, 2004, or as otherwise agreed upon by the parties, and that the property transferred shall be transferred without any liens or encumbrances whatsoever." (Doc. 17).

According to Goodwyn, shortly after signing the letter agreement Saele insisted that he be placed in sole control and possession of the restaurant business. (Doc. 17). Goodwyn complied allowing V Restaurants to take possession of the restaurant pending approval of the application to the Internal Revenue Service for settlement and release of the lien. From September 24, 2004, Saele and V Restaurants had absolute control over every aspect of the business, including its assets. The sale of the business included Gators' customer base, employees, recipes, licenses and permits, and assistance from Goodwyn in transferring utilities, licenses, and liquor permits to Saele. (Doc. 17). In an effort to firm up the closing, Goodwyn's counsel contacted counsel for Saele and V Restaurants, and was informed that they were "no longer interested in the terms of the contract." (Doc. 1). It is undisputed that one or more of the liens on the business was not released by October 22, 2004. (Docs. 17, 18). On or about December 1, 2004, Spectrum negotiated a new lease with V Restaurants. Also, in February, 2005, about six months after Saele obtained sole possession of the business, Spectrum sold certain personal property of Simple Pleasures and Goodwyn on which it had a landlord's lien. The property was sold for $21,874.00. (Doc. 1). According to Goodwyn, none of the

proceeds from the sale of this property has gone towards satisfying the lien of Regions or the lien of the Internal Revenue Service. (Doc. 17).

To date, Goodwyn has not been paid any amount referenced in the letter agreement for the business. Goodwyn also contends that the actions of the Defendants were directly responsible for his decision to file bankruptcy. (Doc. 17).

## II.  CONCLUSIONS OF LAW

### A.  Summary Judgment Standard

Summary judgment is proper only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56, made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 LED. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. at 322;  Hail v. Regency Terrace Owners Association, 782 So.2d1271, 1273 (Ala. 2000). At the stage of summary

4
Case 05-03062    Doc 26    Filed 06/09/06    Entered 06/09/06 10:22:29    Desc Main
Document    Page 4 of 7

judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249. To avoid an adverse ruling on a motion for summary judgment, "the nonmoving party must provide more than a mere scintilla of evidence." See Loyd v.Ram Industries, Inc., 64 F.Supp.2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v.Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997)).

### B. Discussion

The Defendants in their motion for summary judgment recite each cause of action and assert that there is either no evidence to support the claim or that such claim is not viable in this case. (Doc. 14). The Defendants' motion and the bases asserted in support thereof would require the Court to weigh the evidence asserted. However, this invitation must be rejected as "the judge's function [at the stage of summary judgment] is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249. Viewing the facts in a light most favorable to the nonmoving party, the Court finds that there genuine issues of material fact in dispute.

Plaintiffs argue that the Defendants have effectively taken his restaurant business from him without any payment or consideration. Particularly, with respect to the breach of contract cause of action, Plaintiffs contend that the September 24, 2004, letter agreement did not contain a provision that time was of the essence nor did Saele ever suggest or indicate that he was in any way hindered by the delay in releasing the lien of

the Internal Revenue Service. It is the position of the Plaintiffs that as soon as the Internal Revenue Service gave conditional approval to the release of its lien, Plaintiffs' counsel notified counsel for Defendants that a closing should be scheduled. Essentially, Plaintiffs argue that they performed all of the material aspects of the letter agreement and that the Defendants not only are in breach, but have continued to retain possession of the restaurant business, including the restaurant's staff, customer base, recipes, licenses and permits. The Defendants on the other hand allege that Plaintiffs are in breach because they failed to have each of the three liens released by October 22, 2004. Defendants contend that this was a material breach that touched upon the fundamental purposes of the contract and furthermore that time was of the essence in the contract. The Court finds that there is a significant issue of material fact as to the performance of both parties. See RLI Insurance Co. v. MLK, 2005 Ala. LEXIS 97, at *24 (Ala. June 17, 2005)("[w]hether a promise has been substantially performed is a question of fact to be determined from the circumstances of the case.")(citing Cobbs v. Fred Burgos Construction Co., 477 So.2d 335, 338 (Ala. 1985)); see also Silverman v. Charmac, Inc., 414 So.2d 892, 895 (Ala. 1982).

Additionally, a claim of fraud is generally not susceptible to summary judgment. See Freedlander, Inc., The Mortg.People v. NCNB Nat.Bank of North Carolina, 706 F.Supp. 1211, 1212 (E.D. Va. 1988)(summary judgment is seldom appropriate in cases where particular states of mind are involved in the claim or defense); Dial v. Morgan, 525 So.2d 1362, 1364 (Ala. 1982)("questions of intent are seldom appropriate for disposition by summary judgment"); Modicon, Inc. v. Shelnutt (In re: Shelnutt), 150 B.R. 436, 438 ("fraud is not generally susceptible to summary judgment.").

In light of several different factual disputes the Court determines that the better course to follow here is to allow the Plaintiffs to go forward with a trial on the various claims asserted in their complaint. (Doc. 1). Whether or not the Plaintiffs will ultimately succeed on a particular cause of action is a question that will be resolved at trial.

### III. CONCLUSION

Finally, as there are material facts in dispute, the motion for summary judgment filed by Defendants Saele and V Restaurants is DENIED. (Doc. 14). The Court will enter an Order consistent with this Memorandum Decision by way of a separate document.

Done this 8th day of June, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Von G. Memory, Esq.
   Daniel G. Hamm, Esq.
   Coleman Yarbrough, Esq.