# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 05-32325-WRS |
| | Chapter 7 |
| PHILLIP GOODWYN, | |
|     Debtor. | |
| | |
| PHILLIP L. GOODWYN and | |
| SIMPLE PLEASURES INC., | |
| | |
|     Plaintiffs, | Adv. Pro. No. 05-3062-WRS |
| v. | |
| | |
| V RESTAURANTS, VINCE SAELE, and | |
| SPECTRUM/VAUGHN PLAZA LLC., | |
| | |
|     Defendants. | |

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the Motion to Stay Proceedings filed by Defendants Vince Saele and V Restaurants. (Doc. 34). The Court heard argument on the motion on June 19, 2006. Plaintiffs Phillip L. Goodwyn[1] and Simple Pleasures, Inc., were present by counsel Von G. Memory. Defendants Vince Saele and V Restaurants were present by counsel Daniel G. Hamm. For the reasons set forth below, the Defendants' Motion to Stay Proceedings is DENIED. (Doc. 34).

---

[1] Phillip L. Goodwyn filed a voluntary Chapter 7 petition in this Court on August 10, 2005. (Case No. 05-32325, Doc. 1).

## I. BACKGROUND

As this Adversary Proceeding is before the Court on a motion to stay proceeding, the Court will assume, for purposes of deciding this motion, that the facts as alleged by the Plaintiffs, the nonmoving party, are true. This civil action was originally filed in the Circuit Court of Montgomery County, Alabama. (Case No. CV 2005-306). The Plaintiffs removed the case to this Court on August 12, 2005. (Doc. 1). The Plaintiffs have dismissed their claims against Defendant Spectrum/Vaughn Plaza, LLC, leaving for adjudication the Plaintiffs' claims against Defendants Vince Saele and V Restaurants. (Doc. 35). Essentially, the complaint alleges that Saele has wrongfully taken Goodwyn's restaurant business without compensating him. Plaintiffs allege several causes of action, including breach of contract, conversion, unjust enrichment, damages for use, fraud, and wantonness/willfulness. (Doc. 1).

The pertinent facts involving the transactions underlying the instant lawsuit are as follows. On September 24, 2004, Phillip Goodwyn and Vince Saele, acting on behalf of their respective corporations, Simple Pleasures and V Restaurants, entered into a contract to purchase "Gators" restaurant, located at 5040 Vaughn Road, Montgomery, Alabama, 36116. The agreed purchase price was $90,000, to be allocated in the following way: 1) a $30,000.00 payoff of a $110,000 lease arrangement with the landlord, Spectrum; 2) a $30,000.00 payoff of the $83,000.00 debt owed to Regions Bank; and 3) a $30,000.00 payment to the Internal Revenue Service in exchange for a release of its lien on the business and a settlement of the $110,000.00 debt owed. (Doc. 17). The purchase price

included Gator's assets, customer base, goodwill, recipes, and assistance with the transition of existing employees. Additionally, Goodwyn allowed Saele to have sole and complete possession of the assets and operation of Gators from the date the contract was signed on September 24, 2004. The Defendants have remained in sole possession of the restaurant business up through the current date.

The contract specified an agreed closing date of October 22, 2004 and that the property would be transferred without any liens or encumbrances. (Doc. 17). There is no dispute that one or more of the liens on the business was not released by the October 22, 2004 date. Additionally, sometime in February of 2005, Spectrum sold certain personal property of Goodwyn and Simple Pleasures on which it had a landlord's lien, for $21,874.00. (Doc. 1). The Defendants contend that because Plaintiffs were in breach of the contract by having failed to release all of the liens on the business by the specified date, they are entitled to keep the restaurant business. Plaintiffs on the other hand assert that the Defendants' actions constitute, inter alia, fraud, breach of contract, and conversion. (Doc. 1).

On March 14, 2006, the Defendants filed a motion for summary judgment. (Doc. 14). After hearing argument on the motion, and upon finding genuine issues of material fact in dispute, the Court determined that the only viable course would be to proceed with the trial of Plaintiffs' case. This Adversary Proceeding is scheduled for trial beginning June 23, 2006. (Doc. 11). On June 6, 2006, the Court held a pretrial conference, wherein the Plaintiffs withdrew their jury demand. On June 9, 2006, Defendants moved to withdraw the reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d); see also Rule 5011, Fed. R. Bankr. P. The motion to withdraw the reference is now pending

before the District Court. On June 15, 2006, the Defendants filed a Motion to Stay Proceedings. (Doc. 34).

## II. DISCUSSION

Title 28 U.S.C. § 157(a) provides that the District Court may refer any or all cases under title 11, arising in or related to a case under title 11 to the bankruptcy judges for the district. Additionally, 28 U.S.C. § 157(d) provides that the district court may withdraw, in whole or in part, any case or proceeding referred to the Bankruptcy Court. Motions for withdrawal or abstention are govern by Rule 5011, Fed. R. Bankr. P. The rule provides as follows:

> The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion . . .

Rule 5011, Fed. R. Bankr. P. "The rule clearly states that the Bankruptcy Court is not required to 'abstain' or stay proceedings pending the district court's decision on the motion to withdraw the reference. The question is more properly couched in terms of whether the Bankruptcy Court *should* stay the proceedings pending the district court's decision." In re: Interco, Inc., 135 B.R. 359, 361 (E.D. Mo. 1991); see also In re: Eagle Enterprises, Inc., 259 B.R. 83, 86 (E.D. Pa. 2001). In deciding whether to stay a proceeding pending judicial review, courts generally consider factors such as:

(1) the likelihood the moving party will prevail on the merits;

(2) the prospect of irreparable injury to the moving party if relief is withheld;

4

(3) the possibility of harm to other parties if relief is granted; and

(4) the public interest

Freeman v. Cavazos, 923 F.2d 1434, 1437 (11th Cir. 1991); In re: Interco, Inc., 135 B.R. at 361 (citing Packard Elevator v. I.C.C., 782 F.2d 112, 115 (8th Cir. 1986)). The Defendants, as the moving parties, have the burden of demonstrating why granting a stay of these proceedings would be appropriate. Rule 5011, Fed. R. Bankr. P.; In re: Eagle Enterprises, Inc., 259 B.R. at 86 (citing In re: TJN, Inc., 207 B.R. 499, 501 (Bankr. D.S.C. 1996)).

The Defendants assert that proceedings in this Court should be stayed as they have a right to a jury trial, which cannot be had in bankruptcy, without the express consent of all the parties. 28 U.S.C. § 157(e). Specifically, the Defendants argue that they have relied upon the Plaintiffs' jury demand asserted in the complaint filed in the Circuit Court of Montgomery County, and that such demand cannot be withdrawn without the consent of the Defendants. (Docs. 1, 28, 34). See Rule 38, Fed. R. Civ. P.; Rule 38, Ala. R. Civ. Pro.

First addressing the likelihood of success with respect to the Motion for Withdrawal of the Reference, 11 U.S.C. § 157(d) provides for either permissive withdrawal of the reference upon a showing of cause, or mandatory withdrawal of the reference. The majority of courts that have considered the issue have concluded that mandatory withdrawal of the reference is proper only if the court can make an affirmative determination that resolution of the claims will require substantial and material consideration of non-code federal statutes that have more than a de minimis impact on

5

Case 05-03062    Doc 42    Filed 06/19/06    Entered 06/19/06 15:25:21    Desc Main
Document      Page 5 of 8

interstate commerce.  See Reding v. Gallagher (In re: Childs), 2006 WL 1318598, at *3 (M.D. Ala. May 15, 2006)(citing In re: TPI Intern. Airways, 222 B.R. 663, 667 (S.D. Ga. 1998)).  In the instant case, the relevant non-bankruptcy law is Alabama law, as applied to various state law causes of action including breach of contract, conversion, and fraud.  Accordingly, the District Court may find that mandatory withdrawal is not appropriate.

Next examining whether cause has been shown for permissive withdrawal, the District Court may consider several factors including: (1) the advancement of uniformity in bankruptcy administration; (2) decreasing forum shopping and confusion; (3) promoting the economical use of the parties' resources; and (4) facilitating the bankruptcy process; (5) whether the claim is core or non-core; (6) efficient use of judicial resources; (7) a jury demand; and (4) prevention of delay.  Id. (citations omitted).

This Adversary Proceeding has been pending in this Court since August 12, 2005. (Doc. 1).  The Court finds it significant that at no point in these proceedings did the Defendants raise the issue of a jury trial, either in the pleadings or at previous hearings, until the Court held a pretrial conference on June 6, 2006.  The Motion for Withdrawal of the Reference was filed approximately two-weeks before trial, and only after this Court denied the motion for summary judgment.  (Docs. 27, 28).  As the Motion for Withdrawal of the Reference was filed on the very same day as this Court's denial of the Defendants' motion for summary judgment, this appears to be a blatant case of forum shopping on the part of the Defendants.  (Docs. 27, 28).  Additionally, the District Court may find that the instant Motion for Withdrawal of the Reference was not timely filed.  In a recent decision involving the withdrawal of the reference handed down by the District Court, the following was stated:

> Allowing [the defendant] to withdraw under these circumstances would give future parties 'an incentive not to move to withdraw the reference until long after trials are scheduled, and then to wait to the eve of trial, effectively causing adversary proceedings to languish in the bankruptcy court and preventing the firm scheduling of trial dates"

In re: Childs, 2006 WL 1318598, at *3 (M.D. Ala. May 15, 2006)(citing HA 2003 Liquidating Trust v. J.P. Morgan Partners (In re: HA-LO Industries, Inc.,), 326 B.R. 116 (Bankr. N.D. Ill. 2005). While there are no bright line rules in determining what is timely, moving for withdrawal of the reference two-weeks before trial is not timely under these circumstances. In In re: Childs, the District Court also discussed the consequences of an untimely filed motion to withdraw the reference, stating that "[a] party may waive its right to a jury trial by failing to move timely to withdraw the refernce." (citing Stainer v. Latimer (In re: Latimer), 918 F.2d 136 (10th Cir. 1990); In re: HA-LO Industries, Inc., 326 B.R. 116 (Bankr. N.D. Ill. 2005)). The Defendants contend that "[h]istorically, decisions on the withdrawal of the reference to the bankruptcy court have been resolved by the District Court within three to seven weeks." (Doc. 34). The Defendants failed to cite any case law in support of this position. Considering that the motion to withdraw the reference is untimely filed, the Defendants have failed to demonstrate a likelihood of success on the merits.

    Moreover, as the trial is scheduled to begin on June 23, 2006, the Court is not inclined to stay these proceedings absent a showing of prejudicial harm to one of the parties or other justifying circumstances. The Defendants have not produced any evidence of harm that would be suffered by them if the proceedings were not stayed. On the other hand, were these proceedings stayed, the harm to the Plaintiffs would be significant and tangible. Plaintiffs are seeking redress for an alleged wrongful taking of a

restaurant business, in which the Defendants are now in possession. The likely outcome of a stay of proceedings would be continuing damages and future loss incurred by Plaintiffs. Balancing the potential harms to each party, the Court determines that the harm suffered by Plaintiffs in the event of a stay outweighs any potential harm to the Defendants. In light of this determination, the Defendants have failed to meet their burden of demonstrating that a stay of these proceedings would be either justified or appropriate.

## III. CONCLUSION

For the reasons stated above, the Defendants' Motion to Stay Proceedings is DENED. (Doc. 34). The Court will enter an Order consistent with this Memorandum Decision by way of a separate document.

Done this 19th day of June, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Von G. Memory, Esq.
   Daniel G. Hamm, Esq.