IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

In re PHILIP GOODWYN, DEBTOR,     )
                                  )         CASE NO. 2:06-mc-03323-WKW
                                  )
SIMPLE PLEASURES, INC., et al.,   )
                                  )         (        Chapter 7        )
        Plaintiffs,               )         (Case No. 05-32325-WRS )
                                  )
        v.                        )
                                  )         (    Adversary Proceeding   )
V RESTAURANTS, INC., et al.,      )         (       No. 05-03062       )
                                  )
        Defendants.               )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Withdrawal of the Reference and Transfer

of Adversary Proceeding to the District Court (Doc. # 1) filed by Defendants V Restaurants, Inc., and

Vince Saele (collectively "Saele") on June 12, 2006.  For the reasons expressed below, the motion

is due to be granted.

## I.  FACTS AND PROCEDURAL HISTORY

In February 2005, Plaintiffs Simple Pleasures, Inc., and Phillip Goodwyn (collectively

"Goodwyn") filed this lawsuit in the Circuit Court of Montgomery County, alleging various state law

claims against Saele.  The complaint includes claims for breach of contract, conversion, unjust

enrichment, "damages for use," fraud, negligence, wantonness, and willfulness.  For each claim,

Goodwyn seeks a judgment for compensatory and punitive damages, interest, costs, attorney fees,

and other relief the court deems just and appropriate.  In his complaint, Goodwyn demanded a jury

trial pursuant to Rule 38 of the Alabama Rules of Civil Procedure.  After Saele's motion to dismiss

was denied, Saele filed an answer that did not contain a jury demand.

In August 2005, Goodwyn filed a bankruptcy petition under Chapter 7 of Title 11 with the United States Bankruptcy Court for the Middle District of Alabama ("Bankruptcy Court"). Two days after the bankruptcy petition was filed, Goodwyn removed the state court lawsuit to the Bankruptcy Court.[1] A demand for jury trial was not marked on the adversary proceeding cover sheet.

The Bankruptcy Court's subsequent scheduling order included dates for discovery, dispositive motions, pretrial conference, and the trial. The scheduling order made no mention of trial by jury, jury selection, or filings such as jury instructions. Saele filed a summary judgment motion on March 14, 2006. By order dated March 16, 2006, the Bankruptcy Court scheduled the pretrial conference, at which the summary judgment motion would be argued and ultimately decided, for June 6, 2006. The Bankruptcy Court also contemplated the issue of a jury trial in this order:

> The Court further notes that the Plaintiffs made a demand for jury trial in their complaint. The Court will hear from the parties at the Pretrial Conference whether this matter is to be trial to the Court or to a jury. The Court will further consider whether this is a core proceeding.

(Mar. 16, 2006 Bankr. Order.)

A pretrial conference was held on June 6, 2006. The Bankruptcy Court heard arguments before orally denying the motion for summary judgment. (June 6, 2006 Conference Transcript 17.) The Bankruptcy Judge then stated: "I had forgotten about the demand for jury trial. I mean, if you want to go to district court and file a motion. I had forgotten that there was a demand for a jury trial in this case." (*Id*.) Goodwyn's counsel stated that Goodwyn had made a jury demand in state court; however, Goodwyn "did not in this court rely upon the rights of a jury trial and don't now, don't

---

[1] Goodwyn's bankruptcy filing is the underlying case for the instant adversary proceeding, which originated as the state court lawsuit. Susan S. DePaola was appointed trustee of Goodwyn's estate on the day after the bankruptcy petition was filed.

2

even feel like that we are entitled." (*Id.* 18.)  The Bankruptcy Court construed this statement as Goodwyn's waiver of right to trial by jury, noted that Saele did not make a jury demand in the answer, and scheduled a June 23, 2006 trial date for the adversary proceeding.

On June 9, 2006, three days after the pretrial conference, the Bankruptcy Court entered an order denying the motion for summary judgment.  The order did not address the jury trial issue or the issue of whether the proceeding was core or non-core.  On June 12, 2006, Saele filed the instant motion with this Court seeking a withdrawal of the reference.  Saele then filed  with the Bankruptcy Court, on June 15, 2006, an emergency motion to stay the trial of the adversary proceeding in the Bankruptcy Court pending this Court's ruling on the motion for withdrawal of the reference.  The Bankruptcy Court held a hearing on June 19, 2006, at which he denied Saele's motion to stay.  After briefing on the issue, this Court held a hearing on the motion for withdrawal of the reference on June 20, 2006.  On the same date, this Court ordered a stay of the adversary proceedings in the Bankruptcy Court.

## II.  DISCUSSION

In his motion for withdrawal of the reference, Saele asserts that this is a non-core proceeding, that he has a right to a trial by jury, that he is entitled to rely on Goodwyn's jury demand, that Goodwyn cannot withdraw the jury demand without Saele's consent, which has not been given, and that Saele's motion for withdrawal of the reference is timely filed.  Goodwyn opposes the motion, relying primarily on the authority of *In re Childs*, 342 B.R. 823 (M.D. Ala. 2006).  The Court will address these issues.

District courts have original jurisdiction of all cases under Title 11 and all civil proceedings related to such.  28 U.S.C. § 1334(a).  However, district courts may refer these cases to the district's

bankruptcy court, *see* 28 U.S.C. § 157, as the Middle District of Alabama did by entering a General Order of Reference on April 25, 1985. The district courts have the discretion to withdraw the reference upon a showing of cause.[2] 28 U.S.C. § 157(d); Fed. R. Bankr. P. 5011 . The showing of cause is not "an empty requirement." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 536 (11th Cir. 1991). Thus, when making a determination of whether sufficient cause exists, "a district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process." *Id.* at 536 n.5 (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992 (5th Cir.1985)). District courts also consider (1) whether the claim is core or non-core; (2) the efficient use of judicial resources; (3) whether a jury demand exists; and (4) prevention of delay. *See In re Hvide Marine Towing, Inc.*, 248 B.R. 841, 844 (M.D. Fla. 2000); *In re TPI Int'l Airways*, 222 B.R. 663, 668 (S.D. Ga.1998). While important, none of the aforementioned factors should "prevent the district court from properly withdrawing reference either to ensure that the judicial power of the United States is exercised by an Article III court or in order to fulfill its supervisory function over the bankruptcy courts." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532 at 538 (citation omitted).

## A.      *Non-Core Proceeding*

At the hearing on the motion to stay, Goodwyn argued that this is a core proceeding. Seale asserts that this is a non-core proceeding. If Seale is correct in its classification, then this factor weighs in favor of the withdrawal of the reference. The record reflects that the Bankrupcty Court has not yet made a determination of whether the claims in this adversary proceeding are core or non-

---

[2] Section 157(d) also allows for mandatory withdrawal, in which the proceedings require consideration of both title 11 and non-bankruptcy code federal law. The instant motion involves a permissive withdrawal.

4

core. Accordingly, in the interest of judicial economy, this Court makes the determination for the sole purpose of analyzing the motion for withdrawal of the reference.[3]

Section 157 differentiates between "core" and "non-core" proceedings. Core proceedings are those proceedings which would not exist in law in the absence of the Bankruptcy Code. *Thomasson v. AmSouth Bank, N.A.,* 59 B.R. 997 (N.D. Ala.1986). "If the proceeding does not involve a substantive right created by the federal bankruptcy law and is one that could exist outside bankruptcy it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an 'otherwise related' or non-core proceeding." *Gower v. Farmers Home Admin. (In re Davis),* 899 F.2d 1136, 1140-1141 (11th Cir. 1990) (citing *Matter of Wood,* 825 F.2d 90, 97 (5th Cir.1987)). Stated somewhat differently, for a case to be considered a core proceeding, the case would not exist "but for" bankruptcy. *See In re Nanodata Computer Corp.,* 52 B.R. 334 (Bankr. W.D.N.Y. 1985); *Zweygardt v. Colorado Nat'l Bank of Denver,* 52 B.R. 229 (Bankr. D. Colo.1985). When a debtor's claim involves rights independent of and antecedent to the bankruptcy petition, and is not integral to the restructuring of debtor-creditor rights, then the matter is not a core proceeding. *See In re Olympia Holding Corp.,* 148 B.R. 56, 58 (Bankr. M.D. Fla.1992); *see also Community Bank of Homestead v. Boone* (*In re Boone*), 52 F.3d 958 (11th Cir. 1995). A non-exhaustive list of core proceedings is set out in § 157(b)(2); however, the statute neither defines nor illustrates a non-core proceeding.

In core proceedings, the bankruptcy judge conducts the trial or hearing and enters a final judgment. The district court applies normal deferential standards of appellate review to the

---

[3] The bankruptcy judge is empowered to determine whether a matter is a core proceeding or a non-core proceeding. § 157(b)(3).

Case 05-03062    Doc 45    Filed 10/03/06    Entered 10/03/06 11:08:22    Desc Main
Document    Page 5 of 9

bankruptcy court's disposition of it. *In re Toledo*, 170 F.3d 1340, 1347 (11th Cir. 1999) (citing 28 U.S.C. § 158(a)(2); Fed. R. Bankr. P. 8013). In non-core proceedings, the bankruptcy judge can hold the trial or hearing but cannot issue a final judgment; instead, the bankruptcy judge submits proposed findings of fact and law to the district court for a *de novo* review. *Id.* (citing § 157(c)(1); Fed. R. Bankr. P. 9033).

Goodwyn initiated this action in state court, alleging state law claims, approximately six months prior to filing his bankruptcy petition. Although the adversary proceeding is related to his bankruptcy, his claims clearly exist outside the law of bankruptcy and arose well before the bankruptcy proceedings. As such, this is a non-core adversary proceeding. A review of the list of core proceedings in § 157(b)(2) further bolsters the conclusion that Goodwyn's state law claims are not core proceedings.

**B.    *Jury Demand***

Seale asserts that he has a right to trial by jury on Goodwyn's claims. He further contends that he rightfully relied upon Goodwyn's jury demand in state court and that he did not consent to Goodwyn's attempted withdrawal of his jury demand at the pretrial conference held by the Bankruptcy Court. Goodwyn "stipulates regarding all of the legal standards relating to a jury trial, to include the rights and allowances of a party that did not request the jury trial but is nevertheless protected by the jury demand of another party." (Pls.' Resp. 5.) Goodwyn only argues that Seale waived his right to rely on Goodwyn's jury demand.

6

The Seventh Amendment provides the right to a trial by jury in common law suits.[4] The Eleventh Circuit Court of Appeals has held that "common law" means where legal rights are to be ascertained and determined. The Court stated that the Amendment may be construed to embrace all suits which are not of equity and admiralty jurisdiction. *In re Graham*, 747 F.2d 1383 (11th Cir.1984). Bankruptcy Courts are essentially courts of equity and their proceedings inherently proceedings in equity. *See Pepper v. Litton*, 308 U.S. 295, 304 (1939); *In re Ranch House of Orange-Brevard, Inc.*, 773 F.2d 1166, 1169 (11th Cir.1985). "Where an action is simply . . . for the recovery of a money judgment, the action is one at law." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 46 n.5 (1989)(quotations and citations omitted).

The parties do not dispute that the adversary proceeding involves legal claims and issues. Goodwyn has sought only money damages and not equitable relief. Thus, there is no question that there is right to a jury trial on these claims. Nevertheless, Goodwyn asserts that Seale is not entitled to a trial by jury because Goodwyn contends that Seale waived such right.

However, nothing in the record supports the conclusion that Seale waived his right to a trial by jury. Rule 81 of the Federal Rules of Civil Procedure governs jury trials in cases removed to federal court:

> If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it, if the party's demand therefor is served within 10 days after the petition for removal is filed if the party is the petitioner, or if not the petitioner within 10 days after service on the party of the notice of filing the petition. A party who, prior to removal, has made an express demand for trial by jury in accordance with state law, need not make a demand after removal. ***If state law applicable in the court from which the case is removed does***

---

[4] The Seventh Amendment to the United States Constitution provides: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any court of the United States, than according to the rules of common law."

7

**not require the parties to make express demands in order to claim trial by jury, they need not make demands after removal unless the court directs that they do so within a specified time if they desire to claim trial by jury.** The court may make this direction on its own motion and shall do so as a matter of course at the request of any party. The failure of a party to make demand as directed constitutes a waiver by that party of trial by jury.

Fed. R. Civ. P. 81(c) (emphasis added).[5] Goodwyn made a proper jury demand in state court. *See* Ala. R. Civ. P. 38(b) ("Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing . . . . Such demand may be indorsed upon a pleading of the party."). Seale did not make such a demand in the state court, but he was not required to do so. He properly relied upon Goodwyn's demand. *See Southland Reship, Inc. v. Flegel*, 534 F.2d 639, 643 (5th Cir. 1976).[6] Thus, pursuant to Rule 81(c), the parties were not required to make a jury demand after the action was removed to federal court, and the Bankruptcy Court did not direct them to do so. Indeed, the Bankruptcy Court–approximately seven months after removal–explicitly recognized the parties' jury demand and the right to jury trial. (March 16, 2006 Bankr. Order) ("The Court will hear from the parties at the Pretrial Conference whether this matter is to be trial to the Court or to a jury.").

**C.     *Withdrawal of Reference is Timely***

Goodwyn intimates that if Seale truly wanted a jury trial, Seale should have moved for a withdrawal of the reference prior to the June 6, 2006 pretrial conference. Neither the procedural rules nor the Bankruptcy Court required earlier action, however. Based on the language of the

_____

[5] Rules 38 and 81(c) of the Federal Rules of Civil Procedure are made applicable to bankruptcy cases and proceedings through Rule 9015 of the Federal Rules of Bankruptcy Procedure.

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

March 16, 2006 Bankruptcy Order, it was reasonable for Seale to wait for the Bankruptcy Court to address the issue at the pretrial conference and, during this wait, rely on Goodwyn's jury demand. Because Seale did not seek a withdrawal of the reference until after the Bankruptcy Court denied Seale's summary judgment motion, Goodwyn accuses Seale of forum shopping. But, a similar accusation can be made against Goodwyn. Goodwyn did not attempt to withdraw his jury demand until after receiving a favorable ruling on summary judgment by the Bankruptcy Court. The Bankruptcy Court, over Seale's objection, permitted the withdrawal of the jury demand. However, the rules do not allow a jury demand to be withdrawn without the consent of the parties. Ala. R. Civ. P. 38(d); *see also* Fed. R. Civ. P. 38(d). Undoubtedly, Seale did not consent to the withdrawal of the jury demand.

### III. CONCLUSION

In this Court's opinion, the existence of a valid jury demand and the non-core proceeding status are dispositive. After careful consideration of all of the relevant factors, the Court finds that Saele has made a showing of good cause for withdrawal of the reference. Accordingly, the Motion for Withdrawal of the Reference (Doc. # 1) is GRANTED, and this cause will proceed to jury trial in the district court. A separate scheduling order will be entered.

DONE this the 2nd day of October, 2006.

_____/s/  W.  Keith Watkins_____
UNITED STATES DISTRICT JUDGE